FILED: 9/21/2017 4:48 PM
JUAN RODRIGUEZ
Denton County District Clerk
By: Maribel Villarreal, Deputy

NO. _____17-8105-393_____

| | | |
|---|---|---|
| **CHRISTINE STALLINGS** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **OCWEN LOAN SERVICING, LLC;** | § | |
| **WELLS FARGO BANK, NATIONAL** | § | |
| **ASSOCIATION AS TRUSTEE FOR** | § | |
| **MASTR ASSET BACKED** | § | |
| **SECURITIES TRUST 2005-OPT1,** | § | |
| **MORTGAGE PASS-THROUGH** | § | |
| **CERTIFICATES, SERIES 2005-OPT1** | § | |
| **Defendants.** | § | **OF DENTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Christine Stallings, ("Plaintiff") and files this Original Petition against OCWEN LOAN SERVICING, LLC, ("Ocwen") and WELLS FARGO BANK, NATIONAL ASSOCIATION, ("Wells Fargo") as Trustee for MSTR ASSET BACKED SECURITIES TRUST 2005-OPT1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-OPT1, ("Trust") (together referred to as "Defendants") and would respectfully show the Court as follows:

### I.
### NATURE OF THE ACTION

1.      This is an action for declaratory judgment and damages based on Texas Civil Practice & Remedies Code, section 16.035, and Defendants' violation of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Fair Debt Collection Practices Act ("TFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, illegal and/or unfair collection practices.

## II.
## DISCOVERY CONTROL PLAN

2.    Discovery in this case is intended to be conducted under level 2 of Rule 190.4 of the Texas Rules of Civil Procedure.

## III.
## PARTIES

3.    Plaintiff Christine Stallings is an individual residing in Lewisville Texas.

4.    Defendant Ocwen Loan Servicing, LLC is a foreign limited liability company and the servicer for a home equity loan secured by real property commonly known as 1605 Glencairn Lane, Lewisville, TX 75067. Defendant may be served through its registered agent Corporation Service Company dba CSC- Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin TX, 78701-3218

5.    Defendant Wells Fargo Bank National Association is a foreign financial institution and the trustee for MASTR ASSET BACKED SECURITIES TRUST 2005-OPT1, MORTGAGE PASS-THOUGH CERTIFICATES, SERIES 2005-OPT1. Defendant may be served through its registered agent Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## IV.

## JURISDICTION AND VENUE

6.    This Court has subject-matter jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that it seeks monetary relief over $100,000, but not more than $200,000.

7.    The Court has personal jurisdiction over Defendants because the events giving

rise to the action took place in Texas, involve real property located in Texas, and involve contracts with Texas residents to be performed in whole or in part in this state and/or committed torts in Texas. Venue is proper in this Court because a substantial part of the activities, events, and damages giving rise to this lawsuit occurred in Denton County. See Tex. Civ. Prac. & Rem. Code §15.002. For Example, the real property used as security for the home equity loan at issue is located in Denton County.

## V.
## FACTS

8.      On December 10, 2004, Plaintiff executed a Home Equity Adjustable Rate Note ("Note") in favor of Option One Mortgage Corporation ("Option One") for $112,000.  The Note provided a maturity date of January 1, 2035, and contained a Non-Recourse Provision providing that "there shall be no personal liability on the maker of this Note…and payee… will look solely to the property covered by the Security Instrument…"  (Exh. A, at ¶12.)

9.      The Note further provides that failure to pay the full amount of each monthly payment would constitute a default. (*Id*. at ¶7(B)).  Should Plaintiff default, the Note holder may require Plaintiff "to pay immediately the full amount of principle which has not been paid and all interest… owe[d] on that amount…" (*Id.*)

10.       As security to the Note, Plaintiff also executed a Deed of Trust. (Exh. B.)  The Deed of Trust granted Option One a security interest in Plaintiff's real property known as 1605 Glencairn Lane, Lewisville, Texas 75067.  Upon default, Paragraph 21 of the Deed of Trust allows the Note Holder to require immediate payment in full of all sums secured by the Deed of Trust and invoke a power of sale.  A power of sale is included in paragraph 22.

11.      On October 23, 2010, Wells Fargo Bank, N.A. as Trustee for MASTER ASSET BACKED SECURITIES TRUST 2005-OPT1, BY ITS SERVICE-IN-FACT, AMERICAN

HOME MORTGAGE SERVICING, INC, ("Applicant") filed an Application for Expedited Foreclosure Proceeding Pursuant to Rule 736 of the Texas Rules of Civil Procedure ("Original Application"), in the 367 Judicial District Court of Denton County, Cause No. 2010-50345-367. (Exh. C.)  According to the Original Application Plaintiff had defaulted on the Note and Applicant was entitled to foreclose on the security interest, i.e. Plaintiff's residence, pursuant to the terms of the Deed of Trust. (*Id.*)

14.  The Original Application further alleged that the Applicant "ha[d] given the requisite notice to cure the default and accelerate the maturity of the debt under the Security Instrument and Tx. Prop. Code § 51.002 and applicable law." (Exh. C, at ¶ 4.)

13.  On January 5, 2011, the Court entered Order to Proceed With Notice of Foreclosure Sale and Foreclosure Sale ("Order"). (Exh. D.)  The Order provides that "Applicant has given Respondent the requisite notices to cure the default and accelerate the maturity of the debt." (*Id.*)  The Order further authorized the Applicant to proceed with foreclosure.

14.  The Note and Deed of Trust were not reinstated and Defendants continued to demand payment from Plaintiff regarding the Note.  Over the next several years, Defendants continuously sent Plaintiff monthly statements which included past due amounts, late fees, additional interest charges, and delinquency notices.  Plaintiff received multiple telephone calls wherein she was harassed and demanded to provide a credit card number to pay the debt.  In fact, Plaintiff began to receive multiple calls per hour and the harassment became so unbearable that she had to disconnect her phone.  Plaintiff has further been approached by persons at her residence on several occasions claiming they received a list from Defendants showing a sale date of Plaintiff's property.   However, Plaintiff has never received notice of a sale date.

15.  On May 24, 2017, almost six-and-a-half years after obtaining the Order to

foreclose, Defendants filed Application for an Expedited Order Under Rule 736 on a Home Equity, Reverse Mortgage, or Home Equity Line of Credit Loan ("Application") in the District Court of Denton County, Cause No 17-4282-431. (Exh. E).

16.     The Application seeks to foreclose on the same Home Equity Loan secured by Plaintiff's real property which was accelerated in 2010.  As a result, Defendants are precluded by the statute of limitations from foreclosing on Plaintiff's real property. Moreover, any and all communications sent to or made to Plaintiff regarding the debt after the four-year statute of limitations had expired violate the FDCPA and TFDCPA

## VI.
## CAUSES OF ACTION

### A.  Declaratory Judgment – Against All Defendants

17.     Plaintiffs incorporate herein by reference all foregoing allegations.

18.     Defendants accelerated Plaintiff's Note in 2010 and receive an Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale from the Court on January 5, 2011.  The loan was not reinstated.

19.     Pursuant to Texas Civil Practice & Remedies Code, section 16.035(b) "A sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues."  "On the expiration of the four-year limitations period, the real property lien and power of sale to enforce the real property lien become void." TEX. CIV. PRAC. & REM. CODE § 16.035 (d).

20.     Defendants accelerated the Note prior to filing the Original Application in October 2015. The Court granted Defendant's Original Application on January 5, 2011. Defendants had four years from the date the Court entered its Order, at the latest January 5, 2015, to exercise its rights to sell the property.  Accordingly, Plaintiff seeks a judicial determination

and order declaring that: (i) Defendants' cause of action to sell the property accrued prior to the filing of the Original Application or accrued the date the Court granted the Original Application; (ii) the statute of limitations pursuant to Texas Civil Practice & Remedies, section 16.035 is four years; (iii) that any attempt to foreclose on real property secured by the Note and Deed of Trust is barred by the statute of limitations; and (iv) that any lien held by Defendants is void pursuant to Texas Civil Practice & Remedies, section 16.035(d).

## B. Violation of the Fair Debt Collection Practices Act- Against Defendant Ocwen Loan Servicing, LLC

21.     Plaintiff incorporates herein by reference all foregoing allegations.

22.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a (3) of the FDCPA.

23.     Ocwen is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

24.     Written and oral communications by Ocwen to Plaintiff are "communications' relating to "debt" as defined by 15 U.S.C. § 1692a(2) & (5).

25.     Communication by Ocwen to Defendant since January of 2015 seeking payment of the debt violate the FDCPA.  The violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e(2)(A), 1682e(4), 1692f and 1692g as evidenced by the following conduct:

   a.   Engaging on conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

   b.   Falsely representing the amount, character or legal status of the debt;

   c.   Taking any action that cannot legally be taken for the purpose of coercing the plaintiff to pay the debt;

26.    Ocwen's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with purpose of coercing Plaintiff to pay the alleged debt.

27.    As a result of the above violations, Plaintiff is entitled to a judgment against Ocwen for her actual and statutory damages in the amount to be determined by the trier of fact.

28.    In addition, Plaintiff is entitled to an award of his reasonable attorney's fees pursuant to the FDCPA.

### C. Violations of the Texas Fair Debt Collection Practices Act – Against Ocwen Loan Servicing LLC

29.    Plaintiff incorporates herein by reference all foregoing allegations.

30.    Plaintiff is a "consumer" as that term is defined by Tex. Fin. Code § 392.001(1).

31.    Ocwen is a Third-party debt collector" as defined by Tex. Fin. Code § 392.001(7).

32.    Communications from Ocwen to Plaintiff since January 2015 relating to the debt at issue are a "debt collection" as defined by Tex. Fin. Code § 392.001(5).

33.    Ocwen's conduct and communications to Plaintiff since January 2015 violate the TFDCPA. The violations include, but are not limited to Tex. Fin. Code §§ 392.301(7) & (8); 392.302(2)&(4), 392.304(8) as evidenced by

    a.   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt;

    b.   Falsely representing the amount, character or legal status of the debt;

    c.   Falsely representing a pending sale date without proper proceedings;

    d.   Causing a telephone to ring repeatedly or continuously, with the intent to harass;

    e.    Taking any action that cannot legally be taken for the purpose of coercing

the plaintiff to pay the debt;

34.     Ocwen's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with purpose of coercing Plaintiff to pay the alleged debt.

35.     As a result of the above violations, Plaintiff is entitled to a judgment against Ocwen for her actual and statutory damages in the amount to be determined by the trier of fact.

36.     In addition, Plaintiff is entitled to an award of his reasonable attorney's fees pursuant to the TFDCPA.

## IX.
## JURY DEMAND

37.     Plaintiff demands a jury trial for all issues triable by a jury.

## IX.
## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that the Court render declaratory judgment and judgment against Defendants in favor of Plaintiff, awarding Plaintiffs the following relief:

    i.   Any and all actual and statutory damages suffered in an amount within the jurisdictional limits of the court;

    ii.  Declaratory judgment that Defendants' lien on Plaintiff's real property is void;

    iii. Attorney's fees;

    iv.  Costs of suit; and

    v.   Such other and further relief to which Plaintiffs shows itself to be justly entitled.

Respectfully submitted,

CHRISTMAN KELLEY & CLARKE, PC

By: _____

Matthew Clarke
State Bar No. 24070965
matt@christmankelley.com
Thomas Owens
State Bar No. 24081079
tom@christmankelley.com
Attorney for Petitioners
2570 Justin Road, Suite 240
Highland Village, Texas 75077
Tel. (972) 253-4440
Fax (866) 611-9852
Attorneys for Plaintiff